IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLAUDE P. Y., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-CV-155-JFJ |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Claude P. Y. seeks judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for disability benefits under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i) and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For the reasons explained below, the Court **REVERSES and REMANDS** the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**I.     General Legal Standards and Standard of Review**

"Disabled" is defined under the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical

evidence," such as medical signs and laboratory findings, from an "acceptable medical source," such as a licensed and certified psychologist or licensed physician; the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment(s)." 20 C.F.R. §§ 404.1521, 416.921. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functioning capacity ("RFC"), whether the impairment prevents the claimant from continuing his past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). If a claimant satisfies his burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the national economy. *Williams*, 844 F.2d at 751. "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." *Id.* at 750.

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Procedural History and the ALJ's Decision

On October 22, 2018, Plaintiff, then a 60-year-old male, applied for Title II disability insurance benefits and Title XVI supplemental security income benefits. R. 10, 241-252. Plaintiff alleges he has been unable to work since an amended onset date of April 1, 2018, due to diabetes mellitus type 2, stroke, hernia, hypertension, and bladder cancer. R. 14, 33, 56, 66. Plaintiff's claims for benefits were denied initially and on reconsideration. R. 51-105. ALJ Devonna Able conducted an administrative hearing and issued a decision on July 30, 2021. R. 10-22, 28-50. The Appeals Council denied review on January 31, 2022 (R. 1-6), rendering the Commissioner's decision final. 20 C.F.R. §§ 404.981, 416.1481. Plaintiff timely filed this appeal on April 4, 2022. ECF No. 2.

The ALJ found Plaintiff's last date insured was December 31, 2022. R. 12. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his amended onset date of April 1, 2018. *Id.* At step two, the ALJ found Plaintiff's medically determinable impairments of "history of bladder cancer, inguinal hernia, small bowel obstruction, diabetes mellitus, history of stroke, coronary artery disease (CAD), and chronic obstructive pulmonary disease (COPD)" to be non-severe. *Id.* Additionally, the ALJ concluded Plaintiff did not have medically determinable impairments for his vision issues, concentration issues, substance abuse, and depression. R. 13. Because the ALJ determined Plaintiff did not have a severe impairment or combination of impairments, she denied Plaintiff's claim at step two and did not proceed further in the sequential evaluation process. R. 15.

## III.   Issues

Plaintiff raises two points of error in his challenge to the Commissioner's denial of benefits: (1) the ALJ failed to properly evaluate the prior administrative medical findings offered by state agency medical consultants, William McAfee, M.D., and Carla Werner, M.D.; and (2) the ALJ failed to consider all of Plaintiff's medically determinable impairments at step two. ECF No. 15. The Court concludes the ALJ erred at step two by failing to consider all of Plaintiff's medically determinable impairments. Therefore, the Court does not reach the first point of error.

## IV.   Analysis

Plaintiff contends the ALJ's finding that Plaintiff lacked any severe impairments was legally flawed because the ALJ failed to consider Plaintiff's hypertension and ununited lumbar transverse process fracture. ECF No. 15 at 11-12. At step two of the sequential evaluation, the ALJ determines whether a claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); *Williams*, 844 F.2d at 750. In

making such determination, the ALJ considers only Plaintiff's impairment or combination of impairments and evaluates "the impact the impairment[s] would have on his ability to work." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997). Step two is designed to screen out claimants with "impairments of a minimal nature which could never prevent a person from working." Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at *2 (Jan. 1, 1985) (internal citation and quotation omitted).

Plaintiff's burden at step two is a *de minimis* showing of impairment, but Plaintiff must demonstrate "more than the mere presence of a condition or ailment." *Hinkle,* 132 F.3d at 1352; *see also Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997) (explaining claimant's step-two burden is a "nondemanding standard"). The ALJ must carefully evaluate the medical evidence to assess how the claimant's impairment or combination of impairments impacts his ability to do basic work activities. SSR 85-28 at *4. An individual's claim may be denied at step two only when the medical evidence "clearly establishe[s]" an individual's impairment or combination of impairments are not severe. *Id.* at *3.

In determining severity, the ALJ must first consider all of a claimant's medically determinable impairments. *Langley v. Barnhart*, 373 F.3d 1116, 1123-24 (10th Cir. 2004) ("[A]t step two, the ALJ must 'consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.'") (quoting 20 C.F.R. §§ 404.1523(c), 416.923(c)); *Elliot v. Astrue*, 507 F. Supp. 2d 1188, 1194 (D. Kan. 2007) ("[T]he first consideration at step two is what, if any, medically determinable impairments [the] plaintiff has . . . ."). "It is beyond dispute that an ALJ is required to consider all of the claimant's medically determinable impairments." *Salazar v. Barnhart*, 468 F.3d 615, 621

5

(10th Cir. 2006). "[T]he failure to consider all of [a claimant's] impairments is reversible error." *Id.*

A medically determinable impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques" and "must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. §§ 404.1521, 416.921. Objective medical evidence includes medical signs and laboratory findings. 20 C.F.R. §§ 404.1513(a)(1), 416.913(a)(1). Medical signs are "abnormalities that can be observed, apart from [a claimant's symptoms]" and "must be shown by medically acceptable clinical diagnostic techniques." 20 C.F.R. §§ 404.1502(g), 416.902(l). Laboratory findings are "phenomena that can be shown [through] medically acceptable laboratory diagnostic techniques." 20 C.F.R. §§ 404.1502(c), 416.902(g).

The Court concludes Plaintiff's hypertension and ununited lumbar fracture are medically determinable impairments that the ALJ was required to consider before denying benefits at step two of the sequential evaluation process.[1] Plaintiff's history of hypertension is well documented throughout the record. Plaintiff was first found to suffer from hypertension on July 18, 2016. R. 543, 546, 548, 551-552. Further, throughout 2018 and 2019, various medical professionals at St. John Medical Center, Good Samaritan Health Services, and Urologic Specialists of Oklahoma noted Plaintiff's hypertension issues. R. 371, 374, 423, 450-452, 455-458, 510, 536. On January 18, 2020, consultative examiner Maxwell Sencherey, DO, also noted Plaintiff's hypertension during his assessment. R. 526. Additionally, on October 15, 2018, a CT scan on Plaintiffs chest,

---

[1] Plaintiff also argues the ALJ: (1) mischaracterized his CAD as mild when it was, in fact, moderate; (2) ignored a 2019 echocardiogram that showed Plaintiff had akinesis and severe hypokinesis in the left ventricle's basal inferior and inferolateral walls; (3) and failed to consider his emphysema. ECF No. 15 at 11-12. The Court finds these arguments are not supported by the record and bases its reversal solely on the ALJ's failure to consider Plaintiff's hypertension and ununited lumbar fracture.

abdomen, and pelvis revealed Plaintiff was suffering from an "old ununited left L3 transverse process fracture." R. 414. These medical records sufficiently establish Plaintiff's hypertension and ununited lumbar fracture as medically determinable impairments. Because these impairments were medically determinable, the ALJ was required to consider them in her step-two analysis, and the ALJ committed reversible error by failing to do so. *See Salazar*, 468 F.3d at 621-22 (holding the ALJ committed reversible error at step two by failing to consider all of plaintiff's medically determinable impairments); *Groomes v. Kijakazi*, No. 20-CV-493, 2021 WL 3403665, at *4-5 (D.N.M. Aug. 4, 2021) (same).

The Court rejects the Commissioner's argument that, because there is no evidence that Plaintiff's hypertension significantly limited his ability to do basic work activities, Plaintiff failed to meet his step-two burden. The Commissioner's argument misses the point and ignores settled law that the ALJ was required to consider all of Plaintiff's medically determinable impairments, including his hypertension and ununited lumbar fracture, in conducting the severity analysis. While the ALJ recognized Plaintiff had the medically determinable impairments of history of bladder cancer, inguinal hernia, small bowel obstruction, type 2 diabetes, history of stroke, CAD, and COPD, the ALJ was required to also consider Plaintiff's hypertension and ununited lumbar fracture as impairments. The ALJ failed to consider whether these additional impairments were severe, either alone or in combination with Plaintiff's other impairments, resulting in reversible error. The Court does not reach any conclusion as to whether Plaintiff's impairments are severe or whether he can meet his burden at step two. The Court "leave[s] that task to the ALJ in the first instance." *Groomes*, 2021 WL 3403665, at *4 (instructing ALJ to consider plaintiff's medically determinable impairment of back pain on remand but not reaching any conclusion on severity).

**V.      Conclusion**

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order.

**SO ORDERED** this 28th day of September, 2023.

JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT